# EXHIBIT A



# CT Corporation

**Service of Process Transmittal**
10/27/2016
CT Log Number 530082002

**TO:** Enterprise Litigation
United Services Automobile Association
9800 Fredericksburg Rd # E-3-E
San Antonio, TX 78288-0002

**RE:** **Process Served in Tennessee**

**FOR:** Garrison Property and Casualty Insurance Company (Domestic State: TX)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | James Darwin Carter, Pltf. vs. USAA Property and Casualty Company, Dft. // To: Garrison Property and Casualty Ins. Co. *Name discrepancy noted.* |
| **DOCUMENT(S) SERVED:** | Letter, Civil Summons, Complaint |
| **COURT/AGENCY:** | Sullivan County Law Court at Bristol, TN Case # C41672M |
| **NATURE OF ACTION:** | Insurance Litigation |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Knoxville, TN |
| **DATE AND HOUR OF SERVICE:** | By Certified Mail on 10/27/2016 postmarked on 10/25/2016 |
| **JURISDICTION SERVED :** | Tennessee |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days from the date this summons |
| **ATTORNEY(S) / SENDER(S):** | David N. Darnell Dean Greer & Associates 2809 East Center Street Kingsport, TN 37664 423-246-1988 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 10/27/2016, Expected Purge Date: 11/01/2016 |
| | Image SOP |
| | Email Notification, Enterprise Litigation Linda.Allen@usaa.com |
| **SIGNED:** | C T Corporation System |
| **ADDRESS:** | 800 S. Gay Street Suite 2021 Knoxville, TN 37929-9710 |
| **TELEPHONE:** | 216-802-2121 |

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.



Department of
**Commerce & Insurance**

Service of Process
500 James Robertson Parkway
Nashville, Tennessee 37243



**CERTIFIED MAIL**

7016 0750 0000 2777 1981



FIRST CLASS

02 1R   $06.67⁵
0002009736   OCT 25 2016
MAILED FROM ZIP CODE 37243

7016 0750 0000 2777 1981        10/24/16
GARRISON PROPERTY & CASUALTY INS. CO.
800 S. GAY STREET, SUITE 2021, C/O CT CORP
KNOXVILLE, TN 37929

37929$9710 C002

**STATE OF TENNESSEE**
**Department of Commerce and Insurance**
**500 James Robertson Parkway**
**Nashville, TN 37243-1131**
**PH - 615.532.5260, FX - 615.532.2788**
**Jerald.E.Gilbert@tn.gov**

October 24, 2016

Garrison Property & Casualty Ins. Co.　　　　　　　Certified Mail
800 S. Gay Street, Suite 2021, C/O Ct Corp　　　　Return Receipt Requested
Knoxville, TN 37929　　　　　　　　　　　　　　　7016 0750 0000 2777 1981
NAIC # 21253　　　　　　　　　　　　　　　　　　Cashier # 28669

Re: James Darwin Carter V. Garrison Property & Casualty Ins. Co.

　　　Docket # C41672 (M)

To Whom It May Concern:

Pursuant to Tennessee Code Annotated § 56-2-504 or § 56-2-506, the Department of Commerce and Insurance was served October 21, 2016, on your behalf in connection with th above-styled proceeding. Documentation relating to the subject is herein enclosed.

Jerald E. Gilbert
Designated Agent
Service of Process

Enclosures

cc: Circuit Court Clerk
　　Sullivan County
　　P O Box 585
　　Blountville, Tn 37617

| Sullivan County Tennessee LAW COURT | **STATE OF TENNESSEE CIVIL SUMMONS** page 1 of 1 | Case Number C41472(M) |
|---|---|---|

**JAMES DARWIN CARTER** Vs. **USAA PROPERTY AND CASUALTY COMPANY**

Served On:

USAA PROPERTY AND CASUALTY COMPANY C/O TENNESSEE COMMISSIONER OF INSURANCE
Attn: Service of Process, 500 James Robertson Parkway, Nashville, TN 37243

You are hereby summoned to defend a civil action filed against you in _Circuit_ Court, _Sullivan_ County, Tennessee. Your defense must be made within thirty (30) days from the date this summons is served upon you. You are directed to file your defense with the clerk of the court and send a copy to the plaintiff's attorney at the address listed below. If you fail to defend this action by the below date, judgment by default may be rendered against you for the relief sought in the complaint.

Issued: _October 11, 2016_                        _[signature]_ DC
                                                    Clerk / Deputy Clerk

Attorney for Plaintiff: DAVID N. DARNELL, Dean Greer & Assoc. 2809 E. CENTER ST., KINGSPORT, TN 37664

## NOTICE OF PERSONAL PROPERTY EXEMPTION

TO THE DEFENDANT(S): Tennessee law provides a ten thousand dollar ($10,000) personal property exemption as well as a homestead exemption from execution or seizure to satisfy a judgment. The amount of the homestead exemption depends upon your age and the other factors which are listed in TCA § 26-2-301. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the clerk of the court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed; these include items of necessary wearing apparel (clothing) for your self and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible, and school books. Should any of these items be seized you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer. Please state file number on list.

Mail list to   Tom Kerns, Sullivan County Court Clerk, 140 Blountville Bypass, P.O. Box 585, Blountville, TN 37617.

### CERTIFICATION (IF APPLICABLE)

I, _____, _____ Clerk of _____ County do certify this to be a true and correct copy of the original summons issued in this case.

Date: _____    _____
                        Clerk / Deputy Clerk

**OFFICER'S RETURN:** Please execute this summons and make your return within ninety (90) days of issuance as provided by law.

I certify that I have served this summons together with the complaint as follows: _____

Date: _____   By: _____
                         Officer, Title

**RETURN ON SERVICE OF SUMMONS BY MAIL:** I hereby certify and return that on _____, I sent postage prepaid, by registered return receipt mail or certified return receipt mail, a certified copy of the summons and a copy of the complaint in the above styled case, to the defendant _____. On _____ I received the return receipt, which had been signed by _____ on _____. The return receipt is attached to this original summons to be filed by the Court Clerk.

Date: _____

_____                           _____
Signature of Plaintiff                  Notary Public / Deputy Clerk (Comm. Expires _____ )

                                        Plaintiff's Attorney (or Person Authorized to Serve Process)
                                        (Attach return receipt on back)

*ADA: If you need assistance or accommodations because of a disability, please call _____, ADA Coordinator, at ( ) _____.*

Rev. 03/11

IN THE LAW COURT FOR SULLIVAN COUNTY, TENNESSEE
AT KINGSPORT

FILED
2016 OCT 11 PM 2:03

TOMMY R. KERNS, D.C.
CIRCUIT COURT CLERK
SULLIVAN CO., TN

JAMES DARWIN CARTER,

    Plaintiff,

vs.

Case No: C41672 (M)

USAA PROPERTY AND CASUALTY COMPANY

    Defendant.

## COMPLAINT

Comes Now, James Darwin Carter, hereinafter referred to as the "Plaintiff" with this cause of action as against USAA PROPERTY AND CASUALTY COMPANY, hereinafter referred to as the "Defendant" to state as follows:

1. The Plaintiff is a citizen and resident of Sullivan County, Tennessee.

2. The Defendant is an insurance company doing business in the State of Tennessee and may be served by and through the Tennessee Commissioner of Insurance.

3. The Plaintiff as of October 15, 2015 had a policy of insurance having number 02921 12 56 91C and 92C, hereinafter referred to as the "insurance policy", insuring certain valuable coins and guns held at the Plaintiff residence.

4. On or about October 15, 2015 certain items listed in the insurance policy were stolen from the Plaintiff's residence while he was out of town.

5. A police report was filed upon the Plaintiff learning of the theft within 24 hours after discovery of the robbery.

6. Plaintiff timely notified the Defendant and promptly filed a Proof of Loss with the Defendant including pictures of all items and receipts for items, which were stolen as required by the insurance policy.

1

7. Plaintiff cooperated in every respect with the Defendant and its agents in the investigation of the claim including an interview with an investigator.

8. Plaintiff complied with all provisions under the policy of insurance being his described in the policy as: "Your Duties After Loss" by promptly notifying USAA after the theft, provided an inventory, description and notice of the amount of the loss, provided all bills, receipts and related documents including pictures of the coins and guns.

9. Plaintiff by and through counsel notified USAA expressing concern over the delay in paying the claim by letter of May 19, 2016, emphasizing that interest was being lost on the value of the assets in the claim of loss., requesting a copy of the insurance policy in effect on 10/15/2015, requested to know if there were any policy provisions in which he had not complied and demanded a copy of the proof of loss materials he had provided to the Defendant.

10. On July 8, 2016, Plaintiff again notified USAA demanding a copy of his insurance policy, a statement of any policy provisions USAA found that he had not complied with and a copy of the proof of loss materials he had provided to USAA. He further made a demand for payment of the claim amount plus interest on the funds that would accrue after the initial 60-day period.

11. Certain checks were received from the Defendant the last week of August through September 9, 2016 paying in part the claim of the Plaintiff totaling the sum of $330,741.41. No explanation of what items had been paid and the amounts paid for each item were provided with payments.

12. On August 26, 2016, Plaintiff by and through counsel, notified Kimberly Palumbo, the insurance representative for USAA, via letter that certain checks had been received and demanded a written list of the value USAA placed on each item lost.

2

13. Again on September 9, 2016, Plaintiff notified, Kimberly Palumbo, that more checks had been received, notified her of the total amount received and demanded a written list of the value placed by USAA for each item lost.

14. On September 9, 2016, the Plaintiff received a summary of each item in which USAA did not pay the full amount as provided for in the policy.

15. On October 1, 2016, the Plaintiff forwarded exceptions to each item in which he did not agree with payment and demanded further payment in which USAA grossly undervalued several coins and coin sets. In particular addressing the Defendant's failure to pay anything on a coin with a value of $8000.00. Plaintiff made an additional demand of payment of $59381.41 and an appraisal be made pursuant to the provisions of the policy.

16. The policy of insurance provided any legal action consisting of a lawsuit be started within one year after the date of loss and this lawsuit is filed consistent with said provision.

## FIRST CAUSE OF ACTION - BREACH OF CONTRACT

17. Paragraph 1 through 16 are adopted as if set forth below.

18. The Defendant has breached its policy of insurance by failing to pay the Plaintiffs theft claim timely, pay the value of the items pursuant to the policy of insurance by paying the cost to replace the property or the cost to restore the property.

19. As a result of the failure to timely pay the claim and failure to pay the amount for each item as is specified in the contract the Plaintiff has suffered damages including the actual value of what was stolen and unpaid in the amount of $59381.41 and interest on the amount of the loss paid 10 months after the ate of loss and interest on the amount unpaid.

## SECOND CAUSE OF ACTION - BAD FAITH FAILURE TO PAY

20. Paragraphs 1 through 16 are adopted as if set forth below.

3

21. The Defendant acted in bad faith in failing to pay the claim within sixty days after demand was made by the filing of the Proof of Loss by the Plaintiff and subsequent demands for payment made in May and July 2016.

22. The Defendant has acted in bad faith in failing to pay the amounts as provided under the policy of insurance and paid grossly undervalued amounts with clear proof otherwise presented to the Defendant of the actual value of each item.

23. The refusal of the Defendant to pay the claim timely after having all the information within a short time after the loss and having been given 6 months to conclude its investigation indicates the Defendants refusal was vexacious and without reasonable cause.

24. To the extent allowed by law the Defendant has violated the provisions of T.C.A. 56-5-105 and the Plaintiff demands such damages as may be allowed under that code section including recovery of all expenses, loss and attorneys fees as provided therein.

### THIRD CAUSE OF ACTION - PUNITIVE DAMAGES

25. Paragraphs 1 through 24 are adopted as if set forth below.

26. The Defendant has acted in bad faith by failing to pay the claim of the Plaintiff timely and grossly underpaying the Plaintiff for items provided in the insurance policy.

27. As a result of the intentional actions by the Defendant in paying grossly low amounts for the items as provided in the insurance policy and failing to pay the claim on a timely basis the Plaintiff should be awarded punitive damages as against the Defendant. Its actions are directly in contravention of the policy of insurance and were meant to delay payment to the Plaintiff to preserve the money for the Defendant at the expense of its obligations under the insurance policy with the Plaintiff.

THEREFORE THE PLAINTIFF PRAYS;

4

1.  That process issue as against the Defendant requiring the filing of an Answer to this complaint as may be required in the time as specified by the Tennessee Rules of Civil Procedure.

2.  That a jury be empanelled to hear the cause.

3.  That judgment be rendered against the Defendant in the amount of $59381.41 plus prejudgment interest at the rate of 5.25%.

4.  That the Plaintiff be awarded a judgment in addition to actual damages for his loss in the amount of 25% of the loss as provided by T.C.A. Section 56-7-105(a) and an award of attorneys fees and costs as may be allowed pursuant to T.C.A. Section 56-7-105(b).

5.  That the Plaintiff be awarded interest on the amount of loss paid accruing from the 61st day after the reporting of the proof of loss to the Defendant through the date of payment on all sums paid by the Defendant at 5.25%

6.  That the Court award such other relief as the Plaintiff may prove he is entitled in this cause.

BY: JAMES CARTER
PLAINTIFF

OF COUNSEL:

_____
DAVID N. DARNELL BPR 018614
Dean Greer & Associates
2809 E. Center St.
Kingsport, TN 37664
(423) 246-1988

**COST BOND**

Dean Greer & Associates shall be surety for all court costs in this cause as may be required to be paid by the Plaintiff.

_____
David N. Darnell, Attorney

5